**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50224 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01115-MMM-1 |
| v. | |
| IRINA TOPILINA, AKA Irina Topilina Pinchuk, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted February 4, 2015
Pasadena California

Before: REINHARDT and GOULD, Circuit Judges, and MOTZ, Senior District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

1

Defendant Irina Topilina was denied notice and a meaningful opportunity to be heard as required by the Due Process Clause when the district court issued a restitution order without holding a hearing on the matter of restitution. *See Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). Although there is generally no requirement that a district court hold an oral hearing on restitution, *see* 18 U.S.C. § 3664(d)(4), the district court's repeated statements that such a hearing would be held and the parties' mutual understanding to that effect yielded a settled expectation that a hearing would occur. It violated Topilina's due process rights for the district court to then cancel the anticipated hearing and enter a restitution order without providing any notice and a pre-deprivation opportunity for Topilina to raise the arguments she had intended to make at the hearing.[1]

The district court also erred in concluding that the failure to hold a hearing was harmless. The district court reasoned that Topilina had previously conceded

---

[1] We note that the fact that at the hearing Topilina would have sought to hold the Government to its burden of proof rather than to introduce additional, countervailing evidence is irrelevant. *See United States v. Tsosie,* 639 F.3d 1213, 1221 (9th Cir. 2011) ("[W]e have understood § 3664(e)'s mandate that '[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence' as requiring that the evidence supporting a district court's restitution order meet a threshold level of adequacy. For that reason, in *Waknine*, we reversed a restitution order that was based only on 'one-page loss summaries' provided by victims in affidavits, *even though the defendant had not introduced evidence challenging the affidavits*." (emphasis added)).

the facts underlying the restitution order by failing to object earlier to statements in the presentence investigation report (PSR). Topilina did not, however, make such a concession as she was entitled to reserve for purposes of the issue of restitution her objection to the facts in the PSR pertaining to C.M. until the proceedings on that question. *See United States v. Chaika,* 695 F.3d 741, 747 (8th Cir. 2012).

As Topilina did not concede that she defrauded C.M. by failing to earlier object to the PSR, the district court also erred in holding that the other arguments Topilina intended to make at an oral hearing were moot. Topilina may raise these arguments on remand and renew her objection that the Government has failed to meet its burden of proof.

Topilina is estopped, however, from arguing on remand that the district court lacks the power to enter a restitution order because more than 90 days has passed since her sentencing. *See* 18 U.S.C. § 3664(d)(5). It would be inconsistent with her contention on appeal that she is entitled to remand for a hearing on restitution to then argue on remand that the district court no longer has the power to determine whether restitution is warranted. *See United States v. Georgia-Pac. Co.*, 421 F.2d 92, 96 (9th Cir. 1970) ("Equitable estoppel prevents a party from assuming inconsistent positions to the detriment of another party . . . ."). Moreover, as her counsel conceded at oral argument, the district court *does* have jurisdiction to enter

3

a restitution order after the 90-day deadline under the Supreme Court's decision in *Dolan v. United States*. *See* 560 U.S. 605, 608 (2010) ("We hold that a sentencing court that misses the 90 day deadline nonetheless retains the power to order restitution—at least where, as here, the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount.").

Lastly, we conclude that assignment to a different district judge is not warranted on remand. There is no indication of personal bias in the record, and we are confident that the experienced and able district judge will have no trouble putting aside her previously expressed views on the matter. *See In re Ellis*, 356 F.3d 1198, 1211 (9th Cir. 2004).

**REVERSED AND REMANDED.**